STATE of Wisconsin, Plaintiff-Respondent,†

v.

Abby J. OLSON, Defendant-Appellant.

Court of Appeals

*No. 99–2851–CR. Submitted on briefs May 19, 2000.—Decided June 22, 2000.*

## 2000 WI App 158

(Also reported in 616 N.W.2d 144.)

†Petition to review denied.

74

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven L. Miller* of *Miller & Miller*, River Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, with *Kathleen M. Ptacek*, assistant attorney general.

Before Eich, Vergeront and Deininger, JJ.

¶ 1. EICH, J. Abby Olson was convicted of two counts of second-degree sexual assault of a child contrary to WIS. STAT. § 948.02(2) (1997–98).[1] The charges grew out of an incident where Olson, who was then eighteen years old, had sexual intercourse with two boys, aged fourteen and fifteen. The trial court denied Olson's request to instruct the jury that, in order to convict, the State must prove that the intercourse was the result of her own intentional acts, or was undertaken by the boys upon her own "affirmative instructions." Instead the court read only those portions of the pattern instruction stating that Olson could be found guilty solely upon proof that the intercourse

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

occurred and the boys were under age sixteen. The jury found her guilty.

¶ 2. We agree with Olson that the circuit court erred in rejecting the requested instruction. We therefore reverse her conviction and order a new trial.[2]

¶ 3. Olson and the boys were students at a religious boarding school and the incident took place on a bench near the school's football field. A day or so later, Olson reported to school authorities that she had been raped. The boys, on the other hand, described Olson as a willing participant who welcomed and encouraged their sexual advances, and Olson was eventually charged with sexual assault. She did not testify at trial, and the boys' testimony repeated their allegations that Olson was a willing participant in the sexual acts.

¶ 4. WISCONSIN STAT. § 948.02(2) makes it a class BC felony to have sexual contact or sexual intercourse[3] with a person under the age of sixteen. "Sexual intercourse" is defined as:

> [V]ulvar penetration as well as cunnilingus, fellatio or anal intercourse between persons or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening either by the defendant or upon the defendant's instruction. The emission of semen is not required.

WIS. STAT. § 948.01(6). The pattern jury instruction for the offense, WIS JI—CRIMINAL 2104, states that in order for the defendant to be found guilty of the charge, the jury must find:

---

[2] Because the jury instruction issue is dispositive of the appeal, we need not address Olson's other arguments for reversal.

[3] As indicated, this case involves sexual intercourse.

First, that the defendant had sexual [intercourse] with (name of victim).

Second, that (name of victim) had not attained the age of 16 years at the time of the alleged sexual [intercourse].

The instruction continues by incorporating the following definitions from WIS JI—CRIMINAL 2101B:

["Sexual intercourse" means any intrusion, however slight, by any part of a person's body or of any object, into the genital or anal opening of another. Emission of semen is not required.]

[This intrusion may be either by the defendant or upon the defendant's instruction.]

[Cunnilingus, the oral stimulation of the clitoris or vulva, is sexual intercourse.]

[Fellatio, the oral stimulation of the penis, is sexual intercourse.]

¶ 5.  Olson requested that, in addition to instructing on the two elements of the offense—the act of intercourse and the boys' ages—and the definition of "sexual intercourse," the court also tell the jurors that, in order for her to be found guilty:

the State must prove that the sexual intercourse that occurred was caused by an intentional direct act of the Defendant or occu[r]red as a result of an act by the victim which was done in compliance with affirmative instructions of the Defendant.

¶ 6.  The trial court denied the request, reasoning that the type of sexual activity at issue was not so "peculiar" as to require any particular instruction on the meaning of the term "sexual intercourse." Olson then requested that the first and second paragraphs of

WIS JI—CRIMINAL 2101B (quoted above) be read to the jury—the "sexual intercourse" definition and the "upon the defendant's instruction" language of the instruction. She argued that the language of WIS. STAT. § 948.01(6) requires proof of some volitional act on her part—"that she had to have given an instruction or done something . . . [b]ecause if she didn't, it's rape and she's the victim." The court denied this request as well, and instructed the jury that all the State needed to prove to convict Olson was that she "had sexual intercourse" with the boys, and that the boys had not yet reached the age of sixteen at the time. As indicated, the jury found her guilty and she appeals her conviction.

¶ 7. The issue is one of statutory interpretation—a question of law which we review de novo. *See State v. Olson*, 175 Wis. 2d 628, 633, 498 N.W.2d 661 (1993). Our objective in interpreting and applying a statute is to ascertain and give effect to the intent of the legislature, *see id.*, the primary source of which is the language of the statute itself. *See State v. McKenzie*, 139 Wis. 2d 171, 176, 407 N.W.2d 274 (Ct. App. 1987). And in all cases, we are obligated to construe statutes in a manner that avoids absurd or unreasonable results. *See Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 376, 597 N.W.2d 687 (1999). Finally, we follow the rule that, in interpreting a statute, "the purpose of the whole act is to be sought and is favored over a construction which will defeat the [act's] manifest object . . . ." *Adoption of Abigail M.*, 221 Wis. 2d 781, 786, 586 N.W.2d 21 (Ct. App. 1998).

¶ 8. Olson argues that the statutory definition of "sexual intercourse" in WIS. STAT. § 948.01(6) requires something more than that an act of intercourse has taken place when the defendant is the "passive" party.

She says that, considering the "by the defendant or upon the defendant's instruction" language, the statute implicitly requires that the defendant must, at the very least, have voluntarily engaged in the act of intercourse, either by instructing or directing the victim in its commission or by doing some affirmative or volitional act to that end. She says that the court's instructions amounted to a directed verdict of guilt, since there was no dispute that the boys had intercourse with her on the night in question—nor was there any question of the boys' ages. She renews her contention that, based on the instructions given by the court, a woman who is forcibly raped, or one who is sexually assaulted while unconscious, would herself be guilty of sexual assault if her attacker was under the age of sixteen.

¶ 9. The State disagrees. It urges us to read the statute as disjunctive—that the phrase "by the defendant or upon the defendant's instruction" has nothing to do with "sexual intercourse" but modifies only the "other intrusion" language. Such a reading, in our opinion, produces a result that is neither logical nor consistent with the purpose of WIS. STAT. § 948.01(6).

¶ 10. In our view, the phrase "by the defendant or upon the defendant's instruction" was intended by the legislature as modifying the entire list of activities—including "vulvar penetration" and "cunnilingus"[4]—and establishes that, in order for sex-

---

[4] All of the sexual activities listed in the statute appear to constitute some form of intrusion upon or penetration of the body of another person. We are unpersuaded by the State's argument that "it would be absurd to conclude that the phrase '. . . upon the defendant's instruction' modifies the terms vulvar penetration or cunnilingus, since . . . the act of cunnilingus . . . does not necessarily require any act of intrusion of any part of a

ual intercourse, as defined, to occur, the defendant has to either affirmatively perform one of the actions on the victim, or instruct or direct the victim to perform one of them on him- or herself. We think this follows from the language of the definition itself. It does not distinguish between the actors; it says that "sexual intercourse" means vulvar penetration or cunnilingus, fellatio or anal intercourse "*between two persons*," as well as any other intrusion, however slight, "by any part of *a person's* body into the genital or anal opening [of *another person*]." WIS. STAT. § 948.01(6) (emphasis added). And it says that the act may be done "either by the defendant or upon the defendant's instruction." *Id.* In the State's view, if a fifteen-year-old boy were to intrude any part of his body, or any other object, into an eighteen-year-old girl's vagina, the girl could not be convicted of sexually assaulting the boy unless the State could prove the act or acts were done upon the girl's instruction—but if the boy had genital, anal or oral intercourse with the girl nothing more need be proved in order to convict her. The State has not explained why the legislature would intend such disparate results.

¶ 11.  Beyond that, we believe the history of the "sexual contact" instruction, WIS JI—CRIMINAL 2101A, is instructive on the issue before us. WISCONSIN STAT. § 948.01(5) defines "sexual contact" as, among other things, the "[i]ntentional touching by the complainant or defendant of the complainant's or defendant's inti-

person's body." Without going into unnecessary detail in response to the State's assertion in this regard, we note that the word "intrude" is defined as, "to thrust or force in, into, *on, or upon* esp. without permission, welcome, or fitness." Webster's Third New International Dictionary 1187 (1993) (emphasis added).

80

mate parts" for the purpose of sexual degradation, arousal or gratification. In drafting the instruction to be used in sexual contact cases where the "touching" is done by the victim, rather than the defendant, the Criminal Jury Instructions Committee added the language, "if [the defendant] caused [the victim] to do that touching." WIS JI—CRIMINAL 2103 (1989). In its comment to the instruction, the Committee noted that while there was nothing in the language of § 948.01(5) relating to "cause," such a requirement "is implicit [in the statute]." *Id.*, comment 3. We have long recognized that the Committee's comments constitute "persuasive authority." *State v. Gavigan*, 122 Wis. 2d 389, 393, 362 N.W.2d 162 (Ct. App. 1984). Indeed, we tacitly approved the Committee's addition to the statutory language in *State v. Traylor*, 170 Wis. 2d 393, 489 N.W.2d 626 (Ct. App. 1992), expanding the phrase to read "if the defendant intentionally caused *or allowed* [the touching]." In doing so, we warned that, while there is, in cases where the defendant merely permits sexual contact initiated by a child, a permissive inference that the defendant sanctioned the contact for the purpose of sexual arousal or gratification, "there must be evidence in the record that [the] defendant *allowed* the touching before this inference can be raised." *Id.* at 404 n.2 (emphasis in the original). We continued:

> The mere fact of a child's touching an adult does not raise the inference. There might indeed be evidence in a specific case that the adult called an immediate halt to this activity. Absent other evidence that the event was sanctioned by the adult, the mere fact that a touching took place is not the same as "allowing" it.

*Id.* at n.2.

¶ 12. In short, in sexual-contact-with-a-child cases where the contact was initiated by the child, the State must prove that the defendant at least "allowed"—that is, consciously and affirmatively consented to—the contact before an inference could be drawn that he (or she) intended sexual gratification or arousal. We believe a similar requirement is implicit in the sexual-intercourse-with-a-child statute—a requirement that the intercourse must at least have occurred, in the language of WIS. STAT. § 948.01(6) and WIS JI—CRIMINAL 2104 and 2101B, "upon [the defendant's] instruction" before a conviction may be had. This was not done here.

■ ¶ 13. The State makes two final points. First, it says there was evidence that Olson did in fact "allow[ ]the intercourse," and it summarizes that evidence in its brief. The point, however, is not whether such evidence exists—or even whether it might be considered persuasive to the jury. The point is that the jury was never permitted to consider whether Olson did or did not allow the intercourse to occur. And while Olson did not testify at trial, there was evidence that she had reported the incident as a sexual assault upon her, and police officers testified in detail as to the specifics of the acts as she reported them. Second, the State points out that the victim's consent is not a defense to a charge of sexual assault of a minor under the age of sixteen. We agree. *See State v. Fisher*, 211 Wis. 2d 665, 675, 565 N.W.2d 565 (Ct. App. 1997). We also understand that a defendant may be convicted of the offense regardless of his or her knowledge of the victim's age. All we hold in this case is that the act or acts which bring about the sexual intercourse must be, again in the words of the statute, undertaken "upon the

defendant's instruction." Olson was entitled to the inclusion of the pattern jury instruction containing the "upon the defendant's instruction" language.

*By the Court.*—Judgment reversed and cause remanded with directions.