In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 09-3317 & 09-3318

MATTHEW R. STEFFES,

*Petitioner-Appellant,*

*v.*

WILLIAM POLLARD,*

*Respondent-Appellee.*

Appeals from the United States District Court
for the Eastern District of Wisconsin.
No. 07 CV 01139—**William E. Callahan, Jr.**, *Magistrate Judge.*

ARGUED SEPTEMBER 29, 2010—DECIDED NOVEMBER 4, 2011

Before BAUER, WOOD, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* This is a tragic case all
around, for the defendant and his victims. When
Matthew Steffes was just fourteen years old, he ran

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
William Pollard, the current warden of the Waupun Correc-
tional Institution, is substituted for Michael Thurmer as re-
spondent.

into Joshua Howard, the former boyfriend of a cousin. Howard was twenty-one. Steffes left an abusive, dysfunctional family when Howard invited Steffes to live with him, but the price was steep as Howard prostituted Steffes to have sex with an older man. Howard was in a sexual relationship with a twelve-year-old girl, A.W. She and her thirteen-year-old friend, M.F., ran away from home and stayed with Howard and Steffes at Howard's apartment and then in various motels. At Howard's request, the girls had sex with other men and gave the money to Howard and Steffes.

Howard and Steffes were convicted of multiple counts of child enticement, solicitation, and sexual assault based on the age of the girls. On one occasion, the four engaged in group sex during which A.W. performed fellatio on Steffes, then fifteen, which is the basis of the charge at issue in this habeas corpus proceeding. Steffes challenges his conviction for sexually assaulting A.W., maintaining that his counsel was constitutionally ineffective. In light of Wisconsin's statutory definition of "sexual intercourse," Steffes contends that his counsel should have requested that the jury be instructed that the act needed to be "by the defendant or upon the defendant's instruction" to convict him. Because we conclude Steffes was not prejudiced from the jury's failure to receive the instruction he seeks, we affirm the district court's denial of his petition for a writ of habeas corpus.

## I. BACKGROUND

Matthew Steffes's earliest childhood memory is of his mother's arrest for drunk driving while he and his two

sisters were in the car and then of being driven by the police with his sisters to the police station. While his mother served her sentence in jail, Steffes found his father with another woman at a party his father threw at their home. Steffes adored his father, though, and did not tell his mother what he had seen.

Both of Steffes's parents drank heavily, and his mother used drugs. Steffes's father was also abusive toward his mother, and Steffes's older sister reported that the abuse did not end there. She says that their father was physically abusive towards all his children, and that their mother beat them as well. She also said that their mother tried to commit suicide by taking pills, and that Steffes's father would take the phone out of the wall during fights so that no one could call the police.

Against this backdrop, Steffes encountered Howard and seized the opportunity to live with him, in a place where Howard gave Steffes his own room and access to many of Howard's old clothes. Steffes had to earn his keep, however, and, at Howard's request, he had sex with a man Howard knew for money.

In the fall of 1999, twenty-two-year-old Howard became involved with A.W., who was twelve years old. On November 5, 1999, A.W. and M.F. ran away from home. The girls stayed at Howard's place for a few days, and the group then moved to motels in the Milwaukee area. Howard and A.W. had a relationship during this time, as did Steffes and M.F. At some point, the four had group sex during which A.W. performed fellatio on Steffes.

At the first motel, Howard asked the girls to engage in acts of prostitution for money, and they agreed. Howard and Steffes collected money from the men who had sex with the girls in the motels. Steffes's involvement with the girls ended when he left after an argument he had with M.F. because she would not answer him at the door. A.W. and M.F. continued on with Howard and another male to additional hotels, and the girls continued to work for Howard for approximately two more weeks. On December 14, 1999, Howard saw a local television broadcast with a photograph of M.F. and arranged for the girls to be driven to the Chicago area, but not before threatening to kill them and their loved ones if the girls told anyone what had taken place.

After M.F. reported what had happened, Howard and Steffes were charged in Milwaukee County, Wisconsin Circuit Court with multiple crimes. As relevant here, the jury was instructed on Steffes's first degree sexual assault charge based on the fellatio A.W. performed on him as follows:

> First degree sexual assault of a child, as defined by the Criminal Code of Wisconsin, is committed by one who has sexual intercourse with a person who has not attained the age of 13 years.
>
> Before you may find the defendant guilty of this offense—and this is either or both—the State must prove by evidence, which satisfies you beyond a reasonable doubt that the following two elements were present.
>
> First, that the defendant had sexual intercourse with A. W.

Second, that A.W. had not attained the age of 13 years of age at the time of the alleged sexual intercourse.

The first element requires the defendant had sexual intercourse with A.W., as the Court stated.

Sexual intercourse means any intrusion, however slight, by any part of the body's—person's body or of any object into the genital or anal opening of another. Emission of semen is not required. Sexual intercourse also includes the oral stimulation of the penis.

The second element requires that A.W. had not attained the age of 13 years at the time of the alleged sexual intercourse. Knowledge of A.W.'s age is not required and mistake regarding A.W.'s age is not a defense. Consent to sexual intercourse is not a defense.

If you are satisfied beyond a reasonable doubt that the defendant had sexual intercourse with A.W. and that A.W. had not attained the age of 13 years at the time of the alleged sexual intercourse, you should find the defendant guilty.

If you are not satisfied, you must find the defendant not guilty.

On July 25, 2001, a jury convicted Steffes of one count of first degree sexual assault of A.W., two counts of second degree sexual assault related to M.F. in light of her age, six counts of child enticement, and six counts of solicitation. It found him not guilty of two counts of

delivering marijuana to the girls. The judge sentenced Steffes to 112 years' imprisonment. In July 2003, Steffes filed a post-conviction motion seeking modification of his sentence and a new trial. A new trial court judge assigned to the case granted a motion to vacate four of the solicitation convictions and modified Steffes's sentence to forty years' imprisonment.

Steffes filed a post-conviction motion in January 2006 that challenged, among other things, his conviction for the first degree sexual assault charge. Regarding that conviction, Steffes argued that his counsel was ineffective for failing to request that the jury be instructed that the act must have been either "by the defendant or upon the defendant's instruction." The state trial court denied the motion. It stated there was a reasonably strong inference that Steffes consented. Because there was no evidence as to who initiated it or whether any "instructions" were given, however, the judge reasoned that had the instruction been requested and given, there was a significant possibility the result on that count would have been different. The court declined to vacate the conviction, however, because it found that counsel's decision not to request the instruction was strategic and did not constitute defective performance. The Wisconsin Court of Appeals also concluded that Steffes's trial counsel did not render ineffective assistance of counsel. *State v. Matthew R. Steffes*, No. 2006 AP 1633-CR (Wis. Ct. App. 2007) (unpublished). The Wisconsin Supreme Court denied the petition for review. Steffes then filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2254, which the district court denied. Steffes, now represented by counsel, appeals from that decision.

## II. ANALYSIS

In this habeas corpus proceeding, Steffes challenges his conviction for first degree sexual assault for having sexual intercourse with a person who had not attained the age of thirteen years. *See* Wis. Stat. § 948.02(1)(b) (1999).[1] This charge was based on fellatio that Steffes received from A.W. when Steffes was fifteen years old and A.W. was twelve. Some might wonder about some of the charges brought against Steffes in this case as it is clear that Howard was the ringleader. Howard enlisted Steffes to serve as a prostitute in exchange for clothing and a place to live, and Howard was the one who asked the girls if they would engage in acts of prostitution for money. In the charge at issue in particular, based on the oral sex A.W. performed on Steffes, only three years separated the two. The charging decision was not ours to make, however, and it is not an issue for our consideration.

Instead, our task is to evaluate Steffes's habeas claim. By statute, Wisconsin provides that

> "[s]exual intercourse" means vulvar penetration as well as cunnilingus, fellatio or anal intercourse be-tween persons or other intrusion, however slight, of any part of a person's body or of an object into the

---

[1] The statute has since been amended. Now, sexual intercourse with a person who has not attained the age of twelve years constitutes first degree sexual assault, while sexual inter-course or contact with a person under sixteen years is second degree sexual assault. *See* Wis. Stat. § 948.02(1)(d), (2) (2003).

genital or anal opening <u>either by the defendant or upon the defendant's instruction.</u>

Wis. Stat. § 948.01(6) (emphasis added). Steffes maintains that he received constitutionally ineffective assistance from his trial counsel because his counsel failed to request that the words we underlined—"either by the defendant or upon the defendant's instruction"—be given to the jury in its instructions. Steffes argues that had the jury received those words in its instructions, there is a reasonable probability it would not have convicted him of sexually assaulting A.W. because there is no evidence he instructed A.W. to have oral sex with him.

### A. Concurrent Sentence Doctrine

The warden first urges us not to reach the merits of Steffes's argument. The only conviction Steffes challenges before us is his conviction for first degree sexual assault of A.W., a conviction for which he received a fifteen-year sentence. Steffes's sentence on this count runs concurrent to four other twenty-year sentences that are unchallenged in this appeal, so the warden says we need not review the conviction Steffes challenges.

Application of the "concurrent sentence doctrine" is a matter of judicial discretion. *Cheeks v. Gaetz*, 571 F.3d 680, 689 (7th Cir. 2009); *see also Benton v. Maryland*, 395 U.S. 784, 787-91 (1969). We decline the warden's request to apply the doctrine here for several reasons. First, the Supreme Court has instructed that a defendant is not serving concurrent sentences when he received a

specific assessment for the particular count he challenges. *Ray v. United States*, 481 U.S. 736, 737 (1987) (per curiam). In *Ray*, the trial court had imposed a $50 assessment on three separate counts, in addition to concurrent prison and parole terms. The federal appellate court applied the "concurrent sentence doctrine" and declined to review a conviction because sentences in the case were concurrent. The Supreme Court held that because the petitioner's liability to pay the $150 depends on the validity of each of his three convictions, the sentences were not concurrent. *See id.* Here, Steffes received a $95 assessment for his first degree sexual assault conviction. As far as we can tell that has not been paid, and that fact alone probably precludes application of the concurrent sentence doctrine. *See id.*; *United States v. Spirk*, 503 F.3d 619, 622 (7th Cir. 2007). In addition, Steffes is eligible for discretionary parole in January, and a vacatur of the first degree sexual assault conviction could affect the parole determination. *Cf. Cheeks*, 571 F.3d at 689 (applying concurrent sentence doctrine to sentence where there were no potential parole consequences). In this case, we decline the warden's invitation to apply the concurrent sentence doctrine.

### B. Ineffective Assistance of Counsel Claim

We turn now to the substance of Steffes's challenge. The familiar *Strickland v. Washington*, 466 U.S. 668 (1984), standard governs Steffes's argument that his trial counsel gave him ineffective assistance by failing to request specific language in the jury instructions. To

succeed, Steffes must show that his counsel's performance was deficient, and also that the deficiency prejudiced his defense. *Id.* at 687. We review the district court's denial of Steffes's habeas petition de novo and any factual findings for clear error. *Kerr v. Thurmer*, 639 F.3d 315, 318 (7th Cir. 2011).

### 1. Deficient Performance

The Wisconsin appellate court concluded that trial counsel's failure to request an instruction that the sexual intercourse must have been "by the defendant or upon the defendant's instruction" was a sound strategic decision. The warden concedes to us, however, that there is no support in the record for the conclusion that Steffes's counsel made a conscious choice not to request the challenged language. No evidentiary hearing was held on Steffes's post-conviction motion, and the record contains only Steffes's counsel's stipulation. The warden states that a finding that Steffes's attorney made a conscious choice when there is no evidence establishing a conscious choice is a decision "so inadequately supported by the record" that it is arbitrary and therefore unreasonable. The warden therefore agrees with Steffes that, under any interpretation, he has surpassed the § 2254(d)(2) hurdle of showing that the Wisconsin appellate court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." For now, we take the warden's acknowledgment that Steffes has cleared the first *Strickland* hurdle, without comment as to whether this concession was correct, and proceed.

2. Prejudice

The state's concession does not end matters, however. To receive the writ of habeas corpus he seeks, Steffes still must demonstrate that he was prejudiced because the jury was not instructed that the sexual intercourse with A.W. needed to be "by the defendant or upon the defendant's instruction" to convict him. *See Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Strickland*, 466 U.S. at 667.

The first question in our prejudice analysis is what standard of review applies. The answer depends on whether the state court made a prejudice determination. If it did, AEDPA's deferential review applies. *See Malinowski v. Smith*, 509 F.3d 328, 333 (7th Cir. 2007). If it did not, we would ask *de novo* whether Steffes had established prejudice. *See Porter v. McCollum*, 130 S. Ct. 447, 452 (2009) ("Because the state court did not decide whether Porter's counsel was deficient, we review this element of Porter's *Strickland* claim *de novo*.").

The warden states in his brief that "[t]he review of the prejudice prong is without deference" and suggests that the Wisconsin appellate court addressed only the performance aspect of Steffes's claim. *See* Appellee's Br. at 14 n.1. But that is not exactly consistent with the appellate court's decision. The Wisconsin Court of Appeals wrote that based on *Strickland*'s standard for establishing ineffective assistance of counsel, it "[could] not conclude that Steffes has demonstrated that counsel's failure to object to this instruction was prejudicial to the outcome of this case." We read that language as a determination by the state appellate court that Steffes did not establish the

requisite prejudice necessary to satisfy *Strickland*. That the court did not expand on its reasoning is not determinative. *See Coulter v. McCann*, 484 F.3d 459, 470 (7th Cir. 2007) (stating that fact that state judge failed to explain conclusion is not a reason to reject outcome, as "'AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court'") (quoting *Muth v. Frank*, 412 F.3d 808, 815 (7th Cir. 2005)); *see also Malinowski*, 509 F.3d at 334-35. AEDPA review therefore applies. *See Malinowski*, 509 F.3d at 333.

Under AEDPA, a federal court may not grant habeas relief on a claim adjudicated on the merits in state court unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The issue here is whether the Wisconsin appellate court unreasonably applied *Strickland* when it concluded that Steffes was not prejudiced by failing to receive the jury instruction he now seeks. *See Porter*, 130 S. Ct. at 453 (assessing *Strickland* prejudice under subsection (d)(1)); *see also Smith v. Spisak*, 130 S. Ct. 676, 687-88 (2010) (same).

The Supreme Court has explained that to show prejudice, a "defendant must show that there is a reason-

able probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The burden rests on the defendant to show a reasonable probability that the result would have been different. *Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

Although neither party discusses it, the import of the words "by the defendant or upon the defendant's instruction" in the Wisconsin "sexual intercourse" definition, and specifically their application when the act at issue is fellatio, is not entirely clear in Wisconsin law. The phrase appears in the statute defining "sexual intercourse" to mean "vulvar penetration as well as cunnilingus, fellatio or anal intercourse between persons or other intrusion, however slight, of any part of a person's body or of an object into the genital or anal opening either by the defendant or upon the defendant's instruction." Wis. Stat. § 948.01(6); *see also* Wis. Stat. § 940.225(5)(c). Wisconsin's pattern jury instructions list the language at issue as an optional instruction. *See* Wis. JI—Criminal 2101 B (2007) (providing as an option to be included when the evidence supported it, "The act of sexual intercourse must be either by the defendant or upon the defendant's instruction.").

Indeed, the words "by the defendant or upon the defendant's instruction" have not always been part of Wisconsin's statutory scheme. The Wisconsin legislature added "by the defendant or upon the defendant's instruc-

tion" to the sexual intercourse definition in 1981, with a May 1, 1982 effective date. The 1981 Legislative Council Notes to Wisconsin Statute § 940.225 state:

> Presently, . . . the definition of "sexual intercourse" in the sexual assault statute includes any intrusion of any part of a person's body or of any object into the genital or anal opening of another person. This proposal clarifies that the intrusion of the body part or object may be caused by the direct act of the offender (defendant) or may occur as a result of an act by the victim which is done in compliance with instructions of the offender (defendant).

*See also State v. Maxwell*, 825 A.2d 1224, 1229-30 (N.J. Super. Ct. Law Div. 2001) (discussing changes to Wisconsin statute and stating, "Hence, the Wisconsin Legislature adopted language virtually identical to our statute to ensure that it was understood that an offender/defendant who instructs a victim to self penetrate is criminally liable under the statute"). The 1981 Legislative Council notes suggest that "by the defendant or upon the defendant's instruction" applies only to "other intrusion" acts, and not, as here, when the act is fellatio. Such a reading of the statute makes sense. If an adult female teacher were prosecuted for having intercourse with her fifteen-year-old male student, for example, and the relevant act in the "sexual intercourse" definition was "vulvar penetration," we cannot imagine that the statute should be read to acquit the defendant because the penetration was not "by" her. The reading is also sensible in light of

the "between persons" language in the early part of the definition that immediately precedes "or other intrusion." A conclusion that all acts must be "by the defendant or upon the defendant's instruction" would lead to the odd result that an act must be both "between persons" and "by the defendant"(or upon his instruction).

The Wisconsin state courts have not often addressed the language Steffes seeks. The most extensive discussion of "by the defendant or upon the defendant's instruction" occurs in the Wisconsin Court of Appeals's decision in *State v. Olson,* 616 N.W.2d 144 (Wis. Ct. App. 2000). There, an eighteen-year-old female reported to school authorities that two fellow students, fourteen- and fifteen-year-old boys, had raped her. The boys maintained the intercourse was consensual, and the female was charged with two counts of sexual assault of a child. At trial, the female defendant asked that the jury be instructed that the prosecution needed to prove that the intercourse was "by the defendant or upon the defendant's instruction." Without that direction, she argued, the instructions amounted to a directed verdict of guilty since there was no dispute that intercourse had occurred and that the boys were under sixteen. The trial court refused her request, instead instructing the jury only that it needed to find she "had sexual intercourse" with the boys and that they were under sixteen at the time. The jury convicted her. *See id.* at 145-46.

On appeal, the defendant argued that the jury should have been told the intercourse needed to be by the defendant or upon the defendant's instruction to find her

guilty. The state, however, argued that those words modified only the "other intrusion" language in the sexual intercourse definition. The *Olson* court rejected the state's reading and stated that the legislature intended the phrase to modify the entire list of activities in the sexual intercourse definition. *Id.* at 79-80. It then remanded the case for a new trial that included an instruction to the jury that the intercourse must have been by the defendant or upon the defendant's instruction in order to convict the defendant. *Id.* at 82-83.

The Supreme Court of Wisconsin's *State v. Lackershire*, 734 N.W.2d 23 (Wis. 2007), decision also involved a defendant who maintained she was the victim of sexual assault. The *Lackershire* defendant, a blind female whom the court described as mentally and physically challenged, pled guilty to sexual assault of a child (a fourteen-year-old male). She later sought to withdraw her plea, arguing that the factual basis for her plea was insufficient because she was the victim. The Wisconsin Supreme Court stated that both in the case before it and in *Olson* "there was no dispute that a sexual assault took place, but there was a question as to whether it was an assault by the defendant or an assault of the defendant." *Id.* at 35. Therefore, it stated, the proposed jury instruction in *Olson* adding the words "by the defendant or upon the defendant's instruction," "served to establish the understanding that being the victim of rape would negate the charge that the defendant committed the assault." *Id.* The *Lackershire* court concluded that a substantial question existed as to whether the intercourse was a sexual assault of the defendant or by

the defendant and that the colloquy did not establish that the defendant understood she could not be guilty if the underlying conduct was an assault on her. *Id.* at 35, 39.

In light of its conclusion that the guilty plea was inadequate, the court did not resolve whether the words "by the defendant or upon the defendant's instruction" constituted an element of "sexual intercourse" as the defendant contended, or rather whether the phrase was an element only of assaults involving intrusions or insertion of objects as the state argued. *See Lackershire*, 734 N.W.2d at 39-40 (Butler, J., concurring). Indeed, a concurring justice noted that the majority declined to consider the issue but that its resolution would have been helpful in providing guidance in a significant number of future cases. *See id.*

This is one of those cases. If the phrase "by the defendant or upon the defendant's instruction" only modifies the "other intrusion" language, there would be no prejudice to Steffes as that is not the form of sexual intercourse at issue here. And although the *Olson* court wrote that the Wisconsin legislature intended that the "by the defendant or upon the defendant's instruction" language apply to all forms of sexual intercourse, the *Olson* court did not discuss the change in Wisconsin's sexual intercourse definition over the years or the 1981 Legislative Council Notes. Nor did it reconcile the "between persons" language in the early part of the definition with the conclusion that all acts must also be "by the defendant."

Moreover, here, unlike in *Lackershire* and *Olson*, the defendant is not maintaining that he was the victim of a sexual assault. Steffes is not arguing, like the defendants in those cases were, that the words "by the defendant or upon the defendant's instruction" were needed to negate a finding that even intercourse against his will rendered him guilty. So even if the "by the defendant or upon the defendant's instruction" phrase applies beyond "other intrusion" situations, perhaps *Olson* is to be confined to situations where the defendant asserts that he or she is the victim. (Some defense to a defendant who maintains he or she was the victim would of course be necessary. Another solution would seem to be that the defendant could raise as a defense at trial that the intercourse took place against his or her will. *See Lackershire*, 734 N.W.2d at 40 (Butler, J., concurring) (noting that state argued that a defendant's non-consent to sexual intercourse is a defensive matter to be raised by the defendant); *cf. United States v. McDonald*, 592 F.3d 808, 814 (7th Cir. 2010) (discussing strict liability with regard to a child's age under § 948.02 but also stating "[t]he act of sexual intercourse or contact, of course, must be volitional")).

The parties and the state court did not discuss the propriety of the requested language in this situation, however, and the parties instead proceed on the assumption that the phrase "by the defendant or upon the defendant's instruction" applies to all forms of "sexual intercourse." And *Olson* does have broad language, despite the narrowness of its facts; it says that the phrase modifies the entire list of activities in the sexual

intercourse definition. 616 N.W.2d at 147; *cf. Stephenson v. Wilson*, 619 F.3d 664, 670 (7th Cir. 2010) ("The test of ineffective assistance is not whether the court system would have ruled correctly on a valid objection or other defense tactic; it is whether the existing law would have required the courts to uphold the objection.").

Even if the jury should have been told that the act must have been either by the defendant or upon the defendant's instruction, we conclude that the Wisconsin appellate court's determination that Steffes failed to show prejudice from the jury's failure to receive the instruction was not unreasonable. The warden maintains that the jury would have considered the charge in light of all the circumstances under which A.W. found herself and concluded that the act occurred at Steffes's instruction. A.W. had run away from home and was staying with Howard and Steffes, who were both older than her, at various motels. They provided her with alcohol, had her engage in acts of prostitution with other men, and then collected the money from the men. The jury might have found that in these circumstances the act was upon Steffes's instruction.

However, it is true that there is no suggestion that Steffes specifically instructed A.W. regarding the act in question, which might indicate that it was not "upon the defendant's instruction." But the *Olson* court suggests that "allowing" intercourse to happen might suffice to satisfy the "by the defendant or upon the defendant's instruction" requirement. In addition to the crime before it, the *Olson* court discussed the crime in

Wisconsin of sexual contact with a child, where a defendant's "allowing" of the touching is sufficient for conviction. *See Olson*, 616 N.W.2d at 147 (discussing *State v. Traylor*, 489 N.W.2d 626 (Wis. Ct. App. 1992)). Like here, the act at issue in *Olson* was sexual intercourse, not sexual contact, and the court wrote that although the state argued in the case before it there was evidence that the defendant allowed the intercourse, "[t]he point, however, is not whether such evidence exists—or even whether it might be considered persuasive to the jury. The point is that the jury was never permitted to consider whether Olson did or did not allow the intercourse to occur." *Id.* at 148. If "allowing" suffices under Wisconsin law, there was clearly no prejudice to Steffes. The jury heard about the sexual intercourse he and M.F. had on multiple occasions and the group sex on another, and the jury could have readily concluded that he allowed the act at issue.

That said, passive "allowing" does seem a bit different than a sexual act committed "by the defendant or upon the defendant's instruction," which arguably contains a more affirmative component, and it is a bit unclear whether *Olson* meant that "allowing" would suffice in the sexual intercourse rather than the sexual contact context.[2] If the act was not upon Steffes's instruction,

---

[2] The *Olson* court stated in another part of its opinion, for example:

> In short, in sexual-contact-with-a-child cases where the contact was initiated by the child, the State must
>
> (continued...)

that leaves the "by the defendant" option. As the Wisconsin trial court judge asked when ruling on the post-conviction motion, what does "by the defendant" even mean when the act is fellatio?

To the extent the "by the defendant" language applies to fellatio given by a twelve-year-old and willingly received by a defendant, it must mean that the recipient cannot defend himself by arguing that the act was not "by" him. Fellatio can well be said to be "by" both involved persons, including the recipient. To conclude otherwise in this context would run counter to the very reason for the crime of sexual intercourse with a person under thirteen with which Steffes was charged: "The statutes are designed to impose the risk of criminal penalty on the adult, when the adult engages in sexual behavior with a minor." *State v. Jadowski*, 680 N.W.2d 810, 817 (Wis. 2004). The statutes are premised on Wisconsin's

---

[2] (...continued)

> prove that the defendant at least "allowed"—that is, consciously and affirmatively consented to—the contact before an inference could be drawn that he (or she) intended sexual gratification or arousal. We believe a similar requirement is implicit in the sexual-intercourse-with-a-child statute—a requirement that the intercourse must at least have occurred, in the language of Wis. Stat. § 948.01(6) and Wis. JI-Criminal 2104 and 2101B, "upon [the defendant's] instruction" before a conviction may be had. This was not done here.

616 N.W.2d at 147-48.

determination that minors under a certain age cannot consent to sexual intercourse, and to conclude otherwise would contravene that determination. *See id.* ("The statute [948.02(2)] is based on a policy determination by the legislature that persons under the age of sixteen are not competent to consent to sexual contact or sexual intercourse. The statute is intended to protect children. The state has a strong interest in the ethical and moral development of its children, and this state has a long tradition of honoring its obligation to protect its children from predators and from themselves."). Under Wisconsin law, a twelve-year-old cannot consent to sexual intercourse and therefore cannot engage in sexual intercourse "voluntarily." *See State v. Kummer*, 301 N.W.2d 240, 246 (Wis. 1981) (statute providing that minors under a certain age cannot consent "continues the state's policy of penalizing sexual intercourse or sexual contact with a person under a legislatively prescribed age without regard to the consent of the victim").

We conclude that under any interpretation of "by the defendant or upon the defendant's instruction," Steffes was not prejudiced from the fact that the jury did not receive the language he now seeks. Therefore, he has not made out a successful ineffective assistance of counsel claim. Although we reach that conclusion, we are not unmindful of the circumstances by which Steffes became involved in the conduct that led to his charges in this case. We trust that the parole board will take them into account when it makes its parole decision.

### III.  CONCLUSION

The judgment of the district court is AFFIRMED.