COURT OF APPEALS
DECISION
DATED AND FILED

December 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP710**

STATE OF WISCONSIN

Cir. Ct. No. 2022JV846

IN COURT OF APPEALS
DISTRICT I

---

IN THE INTEREST OF D.Y., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

      PETITIONER-RESPONDENT,

   V.

D.Y.,

      RESPONDENT-APPELLANT.

---

      APPEAL from an order of the circuit court for Milwaukee County: KRISTELA L. CERVERA, Judge. *Affirmed.*

¶1 WHITE, C.J.[1] Daniel appeals from the order of the circuit court adjudicating him as a juvenile delinquent, on the basis of a second-degree sexual assault of a child offense.[2] Daniel argues that a required element of the offense was not proven beyond a reasonable doubt. We conclude that there was sufficient evidence to support the court's decision. Accordingly, we affirm.

## BACKGROUND

¶2 The State filed a delinquency petition against Daniel upon allegations that, in August 2022, he had sexual contact with Anna, a child under the age of sixteen, contrary to WIS. STAT. § 948.02(2). The petition alleged that Milwaukee police responded to a complaint from Anna that Daniel had sexual contact with her during an overnight at a hotel with their extended family.

¶3 The case proceeded to a bench trial in April 2023. Anna's mother, Susan, testified that Anna stayed with Tonya, who is Daniel's mother and Susan's aunt; Daniel; and more extended family at a hotel in Milwaukee for one night. Susan and Anna who are residents of Las Vegas, Nevada, were in Milwaukee for her mother's wedding.[3]

¶4 Anna testified that she stayed at the hotel with her extended family including her sister, Daniel, Tonya, and other cousins. There were two beds and a

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] We refer to the parties by pseudonyms to maintain confidentiality in juvenile cases and to protect the privacy and dignity of the crime victims and families. *See* WIS. STAT. RULES 809.19(1)(g); 809.86.

[3] Susan testified that she and Daniel are cousins and that Daniel's mother, Tonya, and Susan's mother are sisters.

pull-out sofa. For sleeping arrangements, Tonya was in one bed, Anna's sister and a female cousin were in the other bed, and Anna was on the pull-out sofa with her younger male cousin, Charles. Anna stated she told Daniel to sleep with his mother, Tonya. Anna woke up to the feeling of being touched on her buttock and vaginal area, over her clothes; she was wearing a zip-up jacket and basketball shorts. Anna initially stayed still after she woke up, but when she felt more touching she got up and went to the bathroom—she saw Charles in front of where she had been sleeping and Daniel behind where she had been sleeping. Anna testified that she felt Daniel's erect penis against her buttocks when they had been lying down. Anna testified that Daniel's eyes were closed when she passed him going to the bathroom.

¶5 Anna testified that after getting off the pull-out sofa, she texted her friend from the bathroom, and then went down to the lobby from about 3 a.m. to 11 a.m. because she did not feel comfortable being in the hotel room. Around 11 a.m., Tonya came to the lobby and Anna told her about Daniel touching her. Anna and the extended family then checked out of the hotel and went to her grandmother's house. Two days later, Susan called Anna and Anna told her about the incident.

¶6 Daniel testified in his own defense, stating that when he went to bed and when he woke up in the morning, the only person in bed with him was his nephew, Charles. Daniel stated he went to bed early, around 10 or 11 p.m. While he could identify where the other people in the room slept, he did not know where Anna slept. He stated that if a video was produced showing him awake at 1 a.m., the video was not true or the time was wrong. Daniel testified that he was a deep sleeper.

¶7     The circuit court issued an oral ruling at the end of the two day trial. The court stated, that "at this time, based on the facts that have been presented, [it found] the testimony of [Anna] to be credible." The court found "that the elements are satisfied as to the count that is charged." The court adjudicated Daniel "to be delinquent of the sole count in this case. The specific statute being 948.02(2) of the Wisconsin statutes."

¶8     In August 2023, the court entered the dispositional order, which provided for twelve months of supervision in an in-home placement with this mother.[4] He was ordered to complete ASAP programming as sex offender treatment for juveniles. He was ordered to participate in individual therapy.

¶9     This appeal follows.

## DISCUSSION

¶10     Daniel argues that the State failed to prove the intent element of sexual contact by presenting insufficient evidence of sexual gratification or arousal from the contact with Anna. He asserts that any evidence of touching is not evidence of consciously and affirmatively touching Anna for sexual gratification or arousal.

¶11     Daniel challenges the sufficiency of the evidence supporting the circuit court's adjudication of juvenile delinquency for second-degree sexual assault of a child. When determining whether the evidence was sufficient to support the adjudication of a juvenile as delinquent an appellate court "may not

---

[4] The record reflects that after the dispositional order was entered, the State moved for sanctions for violations of the order multiple times.

substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990). An allegation of juvenile delinquency, like an alleged offense in a criminal complaint, must be supported by evidence beyond a reasonable doubt. *See* WIS. STAT. § 938.31(1). "The test is not whether this court … [is] convinced beyond reasonable doubt, but whether this court can conclude the trier of facts could, acting reasonably, be so convinced by evidence it had a right to believe and accept as true." *Bautista v. State*, 53 Wis. 2d 218, 223, 191 N.W.2d 725 (1971).

¶12 The circuit court's "[f]indings of fact shall not be set aside unless clearly erroneous[.]" WIS. STAT. § 805.17(2). "It is the function of the trier of fact, and not of an appellate court, to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Poellinger*, 153 Wis. 2d at 506. If more than one reasonable inference can be drawn from the evidence, this court must adopt the inference that supports the verdict. *See id.* at 506-07.

¶13 To prove that Daniel committed second-degree sexual assault of a child as alleged in the delinquency petition, the State had to prove that Daniel had sexual contact with Anna, "who ha[d] not attained the age of [sixteen] years." WIS. STAT. § 948.02(2). The relevant meaning of sexual contact in this chapter is "intentional touching, whether direct or through clothing, if that intentional touching is … for the purpose of … sexually arousing or gratifying the defendant" when there is "[i]ntentional touching by the defendant … by the use of any body part or object, of the complainant's intimate parts." WIS. STAT. § 948.01(5)(a). There is no dispute that Anna was under the age of sixteen at the time of the

incident and the touching involved her intimate parts. The dispute arises out of whether the State proved the touching was intentional for the purpose of sexual arousal or gratification.

¶14    The record reflects that Anna testified about the beginning of the incident as follows:

> [THE STATE:]  Why did you wake up?
>
> [ANNA:]  I woke up from the feeling of being touched.
>
> [THE STATE:]  And where were you being touched?
>
> [ANNA:]  On my butt and my private areas.
>
> [THE STATE:] When you say private area, are you referring to your vaginal area?
>
> [ANNA:]  Yes.

Anna further testified that after feeling the touching she did not move, and "a minute after I stayed still, it happened again." Anna also testified that she felt the person behind her "pressing up" her, which she clarified mean she felt his erect penis against her buttocks. Anna identified Daniel as the person "pressing up" behind her after she exited the bed and looked at who had been behind her.

¶15    Daniel argues that the evidence showed only that his erect penis had touched Anna while he was sleeping. Daniel asserts that an erection from a

sleeping juvenile male does not prove intentional touching.[5] We disagree. "Intent to become sexually aroused or gratified, like other forms of intent, may be inferred from the defendant's conduct and from the general circumstances of the case[.]" *State v. Drusch*, 139 Wis. 2d 312, 326, 407 N.W.2d 328 (Ct. App. 1987). Here, Anna's testimony established she felt touching over her buttocks and vaginal area two times, about a minute apart. While she recognized Daniel's erect penis pressing behind her, she also testified she felt touching over her vaginal area. Here, the evidence of intent may be circumstantial; nevertheless, "a finding of guilt may rest upon evidence that is entirely circumstantial." *Poellinger*, 153 Wis. 2d at 501. We conclude that the circuit court, as the fact finder, had a basis to make a reasonable inference that the touching was not accidental, as it occurred twice in a short time, and that the touching was not only made by Daniel's erection because it also included touching her vaginal area.

¶16    Daniel also contends that the evidence of intent in Daniel's mental state was, at most, "in equipoise," which means that there must have been reasonable doubt. *See State v. Mader*, 2023 WI App 35, ¶86, 408 Wis. 2d 632, 993 N.W.2d 761 (explaining that evidence "in equipoise" might be "where a victim offers a vague or conclusory account of sexual assault or the defendant presents a compelling alibi or other defense"). This situation is not one of equipoise. Anna's testimony was found credible by the circuit court, and Daniel

---

[5] Daniel's support for this proposition referred to "sexual-contact-with-a-child cases where the contact was initiated by the child," which required the State to prove the defendant "consciously and affirmatively" allowed the touching. *State v. Olson*, 2000 WI App 158, ¶12, 238 Wis. 2d 74, 616 N.W.2d 144. A juvenile male having an erection in his sleep does not appear to be the same situation. There is no allegation that Anna touched Daniel. Even if we accept Daniel's proposition that an erection is not necessarily a conscious and affirmative act, Anna's credible testimony about feeling touching over her vaginal area would contradict touch only arising from a sleeping erection behind her.

does not dispute the court's finding. Daniel's only alibi is that he was a "deep sleeper" and he does not know what happened. Our examination of the record supports that Anna's testimony was not vague or conclusory and that Daniel's alibi was not compelling. Further, even if there are multiple reasonable inferences that could be drawn from this evidence, this court must adopt the inference drawn by the circuit court. *Poellinger*, 153 Wis. 2d at 506-07.

¶17    There is ample evidence to support the circuit court's finding that all elements of the second-degree sexual assault of a child offense were proven, including that the sexual contact consisted of Daniel intentionally touching Anna with a purpose of sexual arousal or gratification. Viewing the evidence most favorably to the conviction, the evidence is not "so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *Id.* at 507. We conclude that Daniel's sufficiency of the evidence challenge fails.

## CONCLUSION

¶18    For the reasons stated above, we conclude that there was sufficient evidence for the circuit court to have found all elements of the second-degree sexual assault offense and to adjudicate Daniel a juvenile delinquent on that basis.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.